# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| RICHARD LASSITER a/k/a | ) | |
| RICHARD A. LASSITER a/k/a | ) | |
| RICHARD ALAN LASSITER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19-2716-JDT-cgc |
| | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER TO MODIFY THE DOCKET,
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On October 21, 2019, Plaintiff Richard Lassiter a/k/a Richard A. Lassiter a/k/a Richard

Alan Lassiter, who is incarcerated at the Shelby County Criminal Justice Center in Memphis,

Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma*

*pauperis*.  (ECF Nos. 1 & 2.)[1]  The Clerk shall record the Defendants as the State of Tennessee;

Memphis Police Department (MPD) Detective F. Frias and MPD Sergeants Marion A. Wright and

E. Kelly; and Yolanda Jones, a newspaper reporter with the Memphis Commercial Appeal.

---

[1] The hard copy of the complaint was stamped "received" by the Clerk on October 21,
2019.  (ECF No. 1 at PageID 1.)  However, when it was docketed, the complaint mistakenly was
given a "filed" date of October 23, 2019.  The Clerk is DIRECTED to modify the docket to show
that the correct filing date for the complaint is October 21, 2019.

Under the Prison Litigation Reform Act, §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Lassiter has filed three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[2] Therefore, he may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the

---

[2] *See Lassiter v. State of Tennessee, et al.*, No. 18-2304-SHM-tmp (W.D. Tenn. July 11, 2019) (dismissing for failure to state a claim); *Lassiter v. Ross, et al.*, No. 18-2262-SHM-tmp (W.D. Tenn. July 9, 2019) (same); *Lassiter v. Shelby County, et al.*, No. 17-2215-SHM-tmp (W.D. Tenn. Nov. 3, 2017) (same).

filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

In the complaint, Lassiter alleges that on April 14, 2016, Detective Frias forged legal documents about a murder that he and Sergeant Wright were investigating. (ECF No. 1 at PageID 2.)  On April 16, 2016, Lassiter was taken to the MPD for questioning about the murder. (*Id.*)  He refused to sign the "Advice of Rights" form because, he alleges, he "asked for a lawyer to be given and present during the time of me being interviewed and[/]or interr[o]gated and I was simply den[ied] the right to exercise my right as requested."  (*Id.*; ECF No. 1-1 at PageID 4.) Lassiter alleges that he was held for nine or ten hours before Officers Frias, Wright, and Kelly "submitted multiple documents stating I confessed to the murder." (ECF No. 1 at PageID 2.)  The confession was also sent to Defendant Jones who "bro[a]dcasted lie's [sic] about me to the public, destroying my char[ac]ter."  (*Id.*)  Lassiter seeks $4 million in compensatory damages.  (*Id.* at PageID 3.)[3]

None of Lassiter's allegations allege that he was in imminent danger of serious physical injury at the time he filed his complaint.  He alleges that, three and a half years ago, the officers falsified information, lied about him confessing and told a local newspaper reporter about the confession, and that the reporter wrongly published his confession in the paper.  Lassiter does not allege that he is in imminent danger of any injury, much less serious injury.  The complaint therefore does not come within the exception to 28 U.S.C. § 1915(g), and the Court cannot address its merits unless Lassiter first tenders the civil filing fee.

---

[3] Lassiter made essentially the same assertions in his most recent prior case. *See Lassiter*, No. 18-2304-SHM-tmp, ECF No. 6 at PageID 24 (describing the complaint's allegations).

Accordingly, Lassiter's motion to proceed *in forma pauperis* is DENIED pursuant to § 1915(g).  This action is DISMISSED without prejudice.  Lassiter may, within twenty-eight (28) days after the entry of judgment, re-open the case by filing a motion to re-open accompanied by full payment of the $400 civil filing fee.

The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by Lassiter in this case would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

       s/ **James D. Todd**              
JAMES D. TODD
UNITED STATES DISTRICT JUDGE